[Cite as *State v. Ludwig*, 2026-Ohio-3037.]

## IN THE OHIO COURT OF APPEALS
## FIFTH APPELLATE DISTRICT
## MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. CT2026-0035 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas, Case No. CR2019-0272 |
| TODD M. LUDWIG | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: August 6, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** JOSEPH A. PALMER, for Plaintiff-Appellee; TODD M. LUDWIG, PRO-SE, for Defendant-Appellant.

*King, P.J.*

{¶ 1}   Defendant-Appellant Todd Ludwig appeals the March 13, 2026 judgment of Muskingum County Court of Common Pleas which denied his untimely motion for post-conviction relief. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

### Facts and Procedural History

{¶ 2}   On May 16, 2019, the Muskingum County Grand Jury returned an indictment charging Ludwig as follows:

{¶ 3}   Count one — aggravated trafficking in drugs (methamphetamine) a felony of the first degree;

{¶ 4}   Count two — aggravated possession of drugs (methamphetamine) a felony of the second degree;

{¶ 5} Count three — engaging in a pattern of corrupt activity, a felony of the second degree; and

{¶ 6} Count four — possession of criminal tools, a felony of the fifth degree.

{¶ 7} Counts one through four contained various firearm and forfeiture specifications. The forfeiture specifications pertained to cash, real estate, and 18 guns.

{¶ 8} On September 18, 2019, Ludwig pled guilty to count one of the indictment and the attendant firearm and forfeiture specifications. The state dismissed the balance of the indictment. A sentencing hearing was held on December 18, 2019, following completion of a pre-sentence investigation. The trial court sentenced Ludwig to a mandatory minimum 10-year prison term, and an indefinite term of up to 15 years.

{¶ 9} Ludwig timely appealed challenging the constitutionality of the Reagan Tokes Act, his counsel's failure to challenge the act, and the trial court's imposition of a $10,000 fine without first considering his ability to pay. We found Ludwig's challenges to the Reagan Tokes Act were not yet ripe for review and overruled his assignment of error challenging the fine imposed by the trial court. *State v. Ludwig*, 2021-Ohio-383 (5th Dist.).

{¶ 10} Ludwig filed an appeal with the Supreme Court of Ohio which challenged our decision as to ripeness. The Court reversed and remanded for consideration consistent with *State v. Maddox*, 2022-Ohio-764. *State v. Ludwig*, 2021-Ohio-1896.

{¶ 11} On remand we rejected Ludwig's constitutional challenges to the Reagan Tokes Act and further rejected his ineffective assistance challenge. *State v. Ludwig*, 2022-Ohio-2350 (5th Dist.).

{¶ 12} On November 18, 2022, Ludwig filed a Motion for Leave to File an Appeal Out of Rule. Ludwig sought to challenge the proportionality of his sentence. We denied Ludwig's motion as well as a later Motion for Reconsideration.

{¶ 13} On February 27, 2026, Ludwig filed an untimely Petition for Post-Conviction Relief. Ludwig alleged the State committed a *Brady* violation by suppressing the nature of his co-defendant's plea agreement and sentence. On March 13, 2026, the trial court denied Ludwig's petition.

{¶ 14} Ludwig filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 15} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, WHEN IT DENIED POST-CONVICTION RELIEF WITHOUT FIRST DETERMINING THE THRESHOLD QUESTION OF JURISDICTION."

{¶ 16} As an initial matter, this case is before this Court on the accelerated calendar pursuant to App.R. 11.1, which provides in relevant part:

> (E) Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶ 17} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *State v. Woodall*, 2023-Ohio-1334, ¶ 3 (5th Dist.), citing *Crawford v. Eastland Shopping Mall Association*, 11 Ohio App.3d 158 (10th Dist. 1983). This appeal shall be considered accordingly.

### Post-Conviction Relief Principles

{¶ 18} Although designed to address claimed constitutional violations, the postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Lewis*, 2008-Ohio-3113, ¶ 8 (5th Dist.), citing *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980).

{¶ 19} Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief must be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication. If no appeal is taken, the petition must be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶ 20} A trial court is without jurisdiction to hear an untimely petition for postconviction relief unless the petitioner meets exceptions contained in R.C. 2953.23(A). Specifically, the petitioner must demonstrate:

(a) either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right.

(b) the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted ...

{¶ 21} R.C. 2953.23(A)(1).

{¶ 22} Res judicata is also applicable to motions for postconviction relief. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus; *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995), syllabus.

Ludwig's Petition

{¶ 23} Ludwig's petition was untimely, and he failed to meet the requirements of R.C. 2953.23(A)(1). It is further barred by res judicata.

{¶ 24} Ludwig argues that the plea agreement and sentence of his co-defendant Misty Bentley are *Brady* items that were withheld by the State and were "critical to fair negotiations." We disagree.

{¶ 25} Under *Brady v. Maryland*, 373 U.S.83. (1963), the State is required to produce evidence that is "favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-282, 119. " 'Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial.' " *State v. Osie*, 2014-Ohio-2966, ¶ 154, quoting *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir.1994).

{¶ 26} Bentley's sentence and plea negotiations were not relevant to Ludwig's guilt or innocence, nor was the same impeachment evidence. Moreover, Bentley's sentence is a matter of public record and Ludwig conceded in his petition that Bentley was sentenced before he was. Petition for Post-Conviction Relief, filed February 27, 2026, docket item 47. Thus, even if Bentley's sentence could be construed as *Brady* material, Ludwig failed to establish that the State withheld the information as it was readily available to Ludwig before he entered his pleas. Because Ludwig's petition was untimely and he failed to meet the requirements of R.C. 2953.23(A)(1), the trial court was without jurisdiction to consider his petition.

{¶ 27} Additionally, Ludwig's petition was barred by res judicata. Ludwig could have raised his current complaint in his direct appeal, but did not. He may not now collaterally

attack matters that he could have attacked on direct appeal, *State v. Cole*, 2 Ohio St.2d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981).

{¶ 28} Ludwig's sole assignment of error is overruled. The judgment of the Muskingum County Court of Common Pleas is affirmed.

{¶ 29} Costs to Appellant.


By: King, P. J.

Baldwin, J. and

Gormley, J. concur.